UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

SANFORD PATTERSON,
and other similarly-situated individuals,

    Plaintiff(s),

v.

AMERICAN GUARD SERVICES, INC..
a Florida Profit Corporation, and
SHERIF ASSAL,
individually.

    Defendant.

_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, SANFORD PATTERSON ("Plaintiff"), and other similarly-situated individuals, by and through the undersigned counsel, hereby sue Defendants, AMERICAN GUARD SERVICES, INC., a Florida Profit Corporation, and SHERIF ASSAL, individually ("Defendant(s)"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement, unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, AMERICAN GUARD SERVICES, INC.. is a Florida Profit Corporation having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, SHERIF ASSAL, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, AMERICAN GUARD SERVICES, INC..

6. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff performed work for Defendants as a non-exempt employee, working for Defendants as an unarmed security officer from on or about October 10, 2006 through on or about March 14, 2014.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would

be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week.

12. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

## COUNT I
### *Breach of Agreement Against AMERICAN GUARD SERVICES, INC..*

13. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

14. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

15. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit Against AMERICAN GUARD SERVICES, INC..*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

18. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

19. Defendant accepted Plaintiff's services to Defendant.

20. Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

21. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment Against AMERICAN GUARD SERVICES, INC..*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

23. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendants.

24. Defendant has knowledge of the services performed and provided by Plaintiff.

25. Defendant voluntarily accepted the services performed and provided by Plaintiff.

26. Defendant unjustly benefits from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

27. Plaintiff seeks damages for the value of the work performed for Defendant.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV
*Wage & Hour Federal Statutory Violation Against AMERICAN GUARD SERVICES, INC..*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

29. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

31. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

32. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

33. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

34. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

35. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

36. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

37. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

  A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Wage & Hour Federal Statutory Violation Against SHERIF ASSAL*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 of this complaint as if set out in full herein.

39. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, AMERICAN GUARD SERVICES, INC..

40. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

41. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

42. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 10/30/14

Respectfully submitted,

Anthony Georges-Pierre, Esq.
Florida Bar No.: 0533637
agp@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005